QUIÑONES ET AL., DEMANDANTES Y APELADAS, *v.* ZALDUONDO ET AL., DEMANDADOS Y APELANTES.

No. 3261.—*Visto:* Mayo 1, 1924. *Resuelto:* Julio 11, 1924.

FIANZA—SOCIEDAD DE GANANCIALES—OBLIGACIÓN A CARGO DE LA SOCIEDAD. CONYUGAL.—''A'' contrajo responsabilidad solidaria y mancomunada, en unión de su socio, por el canon de alquiler del local ocupado por el negocio de la sociedad. *Se resolvió:* que dentro de las circunstancias la conclusión lógica a falta de prueba *aliunde,* es que la obligación se contrajo para beneficio de la sociedad conyugal de ''A'' como también de la mercantil.

SENTENCIA de *Charles E. Foote,* J. (San Juan, Primer Distrito), en una acción sobre rescisión de contrato, declarando con lugar la demanda y rescindido el contrato, con las costas a los demandados. *Confirmada.*

*J. Texidor* y *Llorens & Arroyo,* abogados de los apelantes; *J. de Guzmán Benítez,* abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La corte inferior dictó sentencia sin establecer hechos o conclusiones por separado a favor de las demandantes y que en parte es como sigue:

''Y la corte, tomando en consideración las alegaciones y pruebas presentadas, considera probadas las alegaciones en la demanda en cuanto a que la venta hecha por Benito Zalduondo y Echeverría, a favor de Arturo Carreras Delgado, el otro demandado, con fecha 17 de abril de 1922, y por la que se traspasó a este último la finca que se describe en la demanda fué hecho con el propósito de defraudar a las demandantes, y en su virtud dicta sentencia declarando con lugar la demanda y rescindiendo el contrato de compraventa mencionado, y se imponen las costas a los demandados.''

Alegan los apelantes que la corte inferior cometió los siguientes errores:

I. La Corte de Distrito de San Juan, Primer Distrito, erró al apreciar la prueba y entender que se había probado confabulación entre los demandados para burlar los derechos de las demandantes;

II. La misma corte indicada erró al apreciar la prueba y entender que por la venta de la casa y solar a Arturo Carreras quedaba Benito Zalduondo en estado de insolvencia, y al no declarar que des-

pués de esa venta Benito Zalduondo tenía bienes por valor de más
de seis mil dólares;

III. La Corte de Distrito de San Juan, Primer Distrito, erró al
no declarar que la casa y solar vendidos a Arturo Carreras por es-
critura de 17 de abril de 1922 era propia de Benito Zalduondo y
Carmen Iglesias, y era parte de los gananciales de estos dos esposos;

IV. La Corte de Distrito de San Juan, Primer Distrito, erró al
no declarar que la casa y solar de que se trata en este pleito, como
propios de la referida sociedad de gananciales, no se hallaban afec-
tos a obligaciones privativas del esposo, contraídas sin el concurso
de la esposa doña Carmen Iglesias;

V. La Corte de Distrito de San Juan, Primer Distrito, erró al
declarar que en el caso de autos se había hecho una enajenación en
fraude de acreedores;

VI. La Corte de Distrito de San Juan, Primer Distrito, erró al
declarar en el caso presente que a las demandantes competía una
acción rescisoria;

VII. La Corte de Distrito de San Juan, Primer Distrito, erró al
declarar que Benito Zalduondo quedó insolvente una vez vendidos el
solar y casa a Arturo Carreras.

La teoría del tercero y cuarto señalamiento se indica en
la siguiente cita del alegato de los apelantes, a saber:

"El artículo 1323 de nuestro Código Civil (artículo 1408 del Có-
digo Español) dice lo siguiente:

" 'Serán de cargo de la sociedad de gananciales todas las deudas
y obligaciones contraídas durante el matrimonio por el marido y
también las que contrajere la mujer en los casos en que pueda legal-
mente obligar a ésta.'

"Sostenemos que dicho artículo establece una presunción, una
presunción *juris tantum,* o sea una presunción que admite la prueba
en contrario; es decir: que las deudas contraídas por el marido du-
rante el matrimonio serán de cargo de la sociedad de gananciales
siempre y cuando que dichas deudas hayan sido contraídas en pro
de la comunidad, pero no las deudas que haya contraído el marido
y que evidentemente en nada hayan beneficiado a la sociedad matri-
monial."

Para los fines de esta opinión puede admitirse, sin re-
solver, que la posición de tal modo asumida por los apelan-
tes es sostenible.   En el presente caso Zalduondo no era un

mero fiador en la obligación de un amigo. El contrajo una responsabilidad solidaria y mancomunada, en unión de su socio, por el canon de alquiler del local ocupado por el negocio de la sociedad. Dentro de las circunstancias la conclusión lógica a falta de prueba *aliunde* parece ser que la obligación se contrajo para beneficio de la sociedad conyugal como también de la mercantil. De todos modos los hechos no indican terminantemente una conclusión contraria.

Las demás cuestiones levantadas se dirigen a la suficiencia de la prueba o a su apreciación y un examen cuidadoso de los autos en conjunto no revela ningún error que pueda servir de base en uno u otro sentido para la revocación de la sentencia.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.